IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; and Construction Industry Research and Service Trust Fund, <br><br> Plaintiffs, <br><br> v. <br><br> Atrium Inc., an Illinois corporation, <br><br> Defendant. | Case No. <br><br> Judge: <br> Magistrate Judge: |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund (collectively "the Funds"); and Construction Industry Research and Service Trust Fund ("CRF") hereby file suit against Defendant Atrium Inc. ("Atrium"), an Illinois corporation.

1. This Court has jurisdiction over this action pursuant to Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132, 1145; and pursuant to Section 301 of the Labor-Management Relations Act ("LMRA") 29 U.S.C. § 185; and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are located and administered in Cook County, Illinois.

3. The Union is an employee organization under ERISA, 29 U.S.C. § 1002(4); and a labor organization under the LMRA, 29 U.S.C. § 152(5).

4. Defendant Atrium is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Lemont, Illinois (Exhibit A).

5. Atrium identified Kathleen M. Bruch as its President (Exhibit B).

6. On April 1, 2006, Atrium, through Kathleen M. Bruch, signed a Memorandum of Agreement (Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Landscape Construction Labor Agreement between the Illinois Landscape Contractors Bargaining Association and International Union of Operating Engineers, Local 150, AFL-CIO, and Porduce, Fresh & Frozen Fruits & Vegetables, Fish, Butter, Eggs, Cheese, Poultry, Florist, Nursery, Landscape & Allied Employees, Drivers, Chauffeurs, Warehousemen & Helpers Union, Chicago and Vicinity, Illinois, International Brotherhood of Tamsters Local 703, Affiliated with the International Brotherhood of Teamsters, Joint Collective Bargaining Representatives, currently effective January 1, 2024, through December 31, 2027 (excerpts attached as Exhibit C).

7. The CBA and the Agreements and Declarations of Trust incorporated therein require Atrium to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

8. The CBA and Trust Agreements specifically require Atrium to:

(a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

(c) pay interest to compensate the Funds for the loss of investment income;

(d) make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e) pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f) furnish to the Funds a bond in an amount acceptable to the Funds.

9. Atrium has breached its obligations to the Funds and CRF and its obligations under the Plans by its refusal to complete an audit as requested by the Funds and CRF.

10. The Funds and CRF have demanded that Atrium perform its obligations stated above, but Atrium has failed and refused to so perform (Exhibit D).

11. Each of the Funds have an audit non-compliance fee of $110.00 per day for failure to provide documents to the auditor in a timely manner.

12. Atrium has incurred the non-compliance fee of $13,530.00, which continues to accrue.

WHEREFORE, the Funds and CRF respectfully request that the Court find:

(a) an account be taken as to all employees of Atrium covered by the CBA as to wages received and hours worked by such employees to determine amounts required to be paid to the Funds and CRF, covering the periods January 1, 2022, through December 31, 2022, and January 1, 2024, to the present;

(b) Atrium be ordered to pay any amounts determined to be due pursuant to such audit;

(c) Atrium be ordered to submit all delinquent monthly contribution reports to the Funds and CRF stating the information required to be stated thereon, and to continue submitting such reports while this action is pending;

(d) Judgment be entered in favor of the Funds and against Atrium for all costs of auditing Atrium's records, and the Funds' and CRF's reasonable

attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined all as provided for in the Plans and in ERISA;

(e) Atrium be permanently enjoined to perform specifically its obligations to the Funds and CRF, and in particular, to continue submitting the required reports and contributions due thereon to the Funds and CRF in a timely fashion as required by the plans and by ERISA; and,

(f) the Funds and CRF have such further relief as may be deemed just and equitable by the Court, all at Atrium's cost.

Dated: July 24, 2025                    Respectfully submitted,

                                        By: /s/ Robert A. Paszta
                                            One of the Attorneys for Plaintiffs

Robert A. Paszta *(rpaszta@local150.org)*
Institute for Worker Welfare, P.C.
6141 Joliet Road
Countryside, IL  60525
Ph. 708/579-6657
Fx. 708/588-1647